FRANCES LATHAM *vs.* PATRICK J. H. MULLEN, Adm'r.

JANUARY 15, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Probate Law. Executors and Administrators.*

Under Gen. Laws, 1909, cap. 312, §§ 10 and 11, the right of priority of the husband, widow and next of kin, being suitable and competent to appointment as administrator, is restricted to residents of the state.

*(2)   Probate Law.   Non-Resident.   Administrator.*

The inference to be drawn from the provisions of Gen. Laws, 1909, cap. 312, §§ 10 and 11, is that the appointment of a non-resident as administrator is contemplated only in the event that the peculiar circumstances of the case justify the exercise of the permissive authority to make such appointment.

*(3)   Probate Law.   Accident and Mistake.   Executors and Administrators.*

Where letters of administration were issued to a creditor of an estate within the period of thirty days after the decease of the intestate, a petition of a non-resident sister of deceased for leave to take an appeal, on the ground of accident and mistake will be denied where there are no circumstances which would have enabled the probate court to properly exercise its discretion and appoint petitioner administratrix upon the estate had she applied within the thirty days and nothing warranting the removal of the administrator.   ·

PETITION for leave to take probate appeal.   Heard and denied.

VINCENT, J.   This is a petition for leave to take an appeal from a decree of the probate court of the City of Pawtucket appointing Patrick J. H. Mullen as administrator upon the estate of James McKeown, late of said Pawtucket, deceased, on the ground that the petitioner failed to take her appeal within the time prescribed by law through accident, mistake or unforeseen cause.

James McKeown, a resident of Pawtucket, died in Boston, Massachusetts, on December 25, 1913.   He was twice married but was at the time of his death a widower and without issue.   He left as heirs-at-law, a sister, Mrs. Latham, the petitioner, a nephew, Robert Crompton, and a niece, Margaret Clegg, minor children of a deceased sister, Margaret Crompton, all residing in Manchester, England.

It appears from the affidavits submitted to the court in support of the petition that upwards of twenty years, prior to his death, James McKeown had found a home with Mr. and Mrs. Harold Whitaker, of Pawtucket, Mrs. Whitaker being a sister of McKeown's second wife, and that his life with them during that period was only interrupted when his work as a plasterer called him away.

Mr. Mullen, the respondent, appears to have been the intimate friend and adviser of McKeown and a man in whom he had had for many years entire faith and confidence.

Mr. and Mrs. Whitaker knew that the deceased, at one time, had some relatives residing in England, but they also knew or understood that McKeown had not been in communication with them for some years and they had no information as to whether such relatives still survived.

In this situation of affairs it became necessary that there should be an administration of McKeown's estate in order that certain bills and expenses incurred in the last sickness and for the funeral of the deceased might be met. Neither Mr. or Mrs. Whitaker desired to assume the duties of such administration and they suggested to Mr. Mullen that he should administer the estate, knowing him to have been a friend of the deceased in whom the latter reposed great confidence. Accordingly, Mr. Mullen made his application to the court of probate of the City of Pawtucket and was duly appointed administrator upon the estate of James McKeown on the 21st day of January, 1914.

The petitioner in support of her petition says that the respondent Mullen was not related by blood or marriage to James McKeown; that he obtained his appointment as administrator by falsely representing himself to be a creditor of the estate, whereas in fact he was not a creditor, but was indebted to the said James McKeown, at the time of his death, in the sum of $600; and that such indebtedness was evidenced by the note of the said Mullen for that amount.

The petitioner also sets forth in her affidavit that she did not learn of the death of her brother, James McKeown, until "early in the year 1914," and that she had no knowledge of the appointment of Mullen as administrator until April 20, 1914, after the time for taking an appeal from the decree of the probate court had expired.

(1)     The petitioner in her brief charges that the respondent, Mullen, knowing her residence and relationship to the deceased, failed either intentionally or through forgetfulness to inform her that he proposed to administer upon her brother's estate and that such omission clearly establishes the fact that she lost her right of appeal through accident and mistake. The petitioner does not produce any evidence tending to show any knowledge on the part of Mullen either as to her relationship to McKeown or as to her place of residence, while Mullen in his affidavit states unequivocally that at the time of his appointment as administrator he had no knowledge that James McKeown left any relatives anywhere, and this statement of Mullen does not seem unreasonable in view of the admission of the petitioner that she had had no communication with her brother for a period of eleven years.

The petitioner further contends that the probate court of Pawtucket had no jurisdiction of the case at the time when Mullen was appointed (1) because Mullen did not come within the class or classes of persons eligible for appointment as administrator upon the estate of McKeown, and (2) because such appointment was made within thirty days after the death of the intestate.

The law governing the appointment of administrators is to be found in Sections 10 and 11 of Chapter 312, General Laws of Rhode Island, 1909, and is as follows:

"Sec. 10. Administration of the estate of a person dying intestate shall be granted as follows:

"FIRST. To his widow or one or more of his next of kin, or to the widow jointly with one or more of the next of kin, they being suitable persons and competent.

"SECOND. If the deceased was a married woman, to her husband, if competent, who shall not be compelled to distribute the surplus of the personal estate, after payment of her debts, but shall be entitled to retain the same for his own use.

"THIRD. If the widow and next of kin shall neglect to apply for letters of adminstration within thirty days after the decease of a person intestate, or shall be unsuitable for the discharge of the trust, or renounce the adminstration, the probate court may, on petition therefor of some party in interest, grant administration to any suitable person.

"Sec. 11. No person not an inhabitant of this state shall be appointed administrator by reason of any right to such trust, unless other circumstances, in the opinion of the court, render such appointment proper."

(2) It is apparent from the provisions of Section 10 that the husband, widow and next of kin, being suitable and competent, are entitled to priority. Passing on, however, to Section 11 we find that such right of priority is restricted to residents of the state. Therefore, the petitioner not being a resident of the state, but residing in England, does not come within that class of persons whose prior right is established by statute. While the statute does not in terms prohibit the appointment of a non-resident as administrator, under circumstances which would in the opinion of the court make such an appointment desirable and proper, it is a plain inference therefrom that such appointment was only contemplated in the event that the peculiar circumstances of the case justified the exercise of a permissive authority to make such an appointment. There is nothing in the petition, in the affidavits supporting it, or in the brief of the petitioner showing or suggesting any circumstances which would have enabled the probate court of Pawtucket to properly exercise its discretion and appoint the petitioner administratrix upon the estate of her brother had she applied for such appointment within thirty days from the date of his decease. In *Sharpe's Appeal*, 87 Penn. St. 163, it was held that where letters have been issued to a competent person they will not be revoked upon the subsequent claim of a person who was incompetent at the time of the grant.

(3) The respondent appears to have paid the hospital expenses of the deceased in Boston, the expenses of removing

his body to Pawtucket and the expenses of his burial there. He is both a creditor of and a debtor to the estate of the deceased. He seems to be a man of some responsibility and he has given a substantial bond for the faithful performance of his duties as administrator. So far as appears he is neither threatening or contemplating the doing of any unlawful act in connection with the settlement of this estate. As before stated, he is indebted to the estate in the sum of $600, which is evidenced by a note. It is not a claim concerning which there is any dispute. It is included in the inventory and the administrator is responsible under his bond for its collection and application.

The petitioner cites the case of *New Mexico ex rel. Huntington* v. *Valdez*, 1 N. M. 533, in support of her contention that the appointment of a person indebted to the estate as administrator is wholly unwarranted by law. That case to some extent supports the contention of the petitioner in that regard, but the circumstances are materially different from those of the case at bar. In that case the administrator was a defendant in a contested suit involving a very large sum of money claimed to be due to the estate and the allegations that he had fraudulently procured the removal of a former administrator and his own subsequent appointment, with a view to defeating the interests of said administration involved in the suit, were not denied, the court saying that the administrator would have had it in his power to sacrifice the interests of the estate and that the record warranted the inference that he would not have hesitated to do so.

We are not disposed to follow that case to the extent of now allowing the petitioner a right to appeal which would in all probability subject the estate, now nearly ready for distribution, to an unnecessary and wasteful litigation injurious to the rights of children who are equally interested therein with the petitioner.

The petition is denied and dismissed.

*Robert Grieve, George Farnell,* for petitioner.

*Michael F. Costello, McGovern & Slattery,* for respondent.