ARTHUR S. DAVIS, petitioner.
GUSTAVUS CLAPP, petitioner.

Middlesex.    November 19, 1920. — January 6, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Probate Court*, Jurisdiction, Appeal. *Executor and Administrator. Words*, "Suitable persons."

Under R. L. c. 137, § 8, the executor of the will of a widow, who was executrix of her husband's will and who had died after filing an inventory but without ever having filed an account and without having fully administered the estate of her husband, was not entitled as a matter of right to be appointed administrator with the will annexed of the estate of the husband not already administered.

The power given to the Probate Court by R. L. c. 137, § 8, to appoint "a suitable person" as an administrator with the will annexed of an estate not already administered, authorized an appointment in the exercise of sound discretion by the court; and, after the death of a widow who was executrix of the will of her husband, the appointment of one, to whose personal qualifications there was no objection and whom the judge found to be a suitable person, as administrator with the will annexed of the estate of the husband not already administered in preference to the executor of the will of the widow, cannot be said to show an abuse of discretion.

In determining who should be appointed in the circumstances above described, it was proper for the judge of the Probate Court to rule that the rights of the widow in the estate of her husband, being dependent upon the construction of his will, were not involved.

Two PETITIONS, filed in the Probate Court for the county of Middlesex respectively on March 8 and on March 24, 1920, each for the appointment of the petitioner therein as administrator with the will annexed of the estate not already administered of John L. Wilson, late of St. Augustine in the State of Florida.

The petitions were heard together by *Leggat*, J. Material facts found by him are described in the opinion. Decrees were entered allowing the petition of Davis and dismissing that of Clapp. Clapp filed a document stating that he appealed "to the Supreme Judicial Court from the order of the Court appointing Arthur S. Davis, Administrator d.b.n. c.t.a., and requests the judge to report the material facts found by him." The judge filed in the Probate Court a document entitled a "Report" containing findings of fact and closing with paragraphs reading as follows:

"I was of opinion, and ruled, that the rights of the widow in her husband's estate was a question of law, dependent on the construction to be given to certain provisions of the will, not relating to the appointment of an executor or administrator, and therefore, not then before me; and, moreover, that, were such fact as alleged by said Clapp, it did not entitle him, either as matter of law or as of right, to administration. I therefore allowed the petition of Mr. Davis and dismissed the petition of Mr. Clapp.

"The petitioner Clapp appealed, and having, within four days after notice of the decree, requested me to report the facts found, I, in compliance with such request, and as required by law, report the foregoing facts and my rulings thereon to the Supreme Judicial Court."

*C. H. Waterman*, for the petitioner Clapp.

*W. M. Noble*, for the petitioner Davis.

RUGG, C. J. This matter comes before us upon a report by a judge of probate. Each of the petitioners seeks on his own petition appointment as administrator with the will annexed of the estate not already administered of John L. Wilson. The will of John L. Wilson has been allowed and his widow was appointed and qualified as executrix. She filed an inventory disclosing a considerable

estate, but never rendered an account and has died without having fully administered the estate. No question is made as to the necessity of the appointment of some one as administrator. No objection was made to the personal qualifications of the petitioner Davis; and the judge, having found him to be a suitable person, appointed him. The assent of a number of persons asserting themselves to be interested in the estate is appended to his petition. The petitioner Clapp, having been appointed and qualified as executor of the will of the deceased widow of the testator, contends that he is entitled to be appointed administrator of the estate of the testator on the ground that that estate vested absolutely in his widow.

It is assumed without deciding that the case is properly before us under St. 1919, c. 274. See *Hayden* v. *Keown*, 232 Mass. 259.

Under the practice obtaining in the Province of Massachusetts Bay, the executor of a deceased executor was by law executor of the first testator. That was changed soon after the revolution and a different provision established. *Waters* v. *Stickney*, 12 Allen, 1, 9. *Foster* v. *Bailey*, 157 Mass. 160, 162. The present statute is G. L. c. 192, § 8, to the effect that "The executor of the will of an executor shall not, as such, administer on the estate of the first testator." It is provided by G. L. c. 193, § 9, that under circumstances like those here disclosed the Probate Court shall grant letters of administration with the will annexed to administer the remaining estate "to one or more suitable persons." The words "suitable persons" have no statutory or other fixed and inflexible meaning in this connection. Their context in connection with the history of the statute shows that they were intended to confer a wide discretion upon the Probate Court. They authorize the appointment of the person or persons who appear in the exercise of sound and discerning judgment in the light of all the circumstances of the particular case to be best equipped by temperament, experience and sagacity to discharge the trust with fidelity, prudence and promptness. The appointee should be a fitting person having regard to the special conditions of each estate and those interested in it as creditors, legatees, and next of kin. Suitableness is capacity founded on the innate and acquired qualities of the particular person in his relation to the situation of the estate to be administered, and to those directly

and indirectly to be affected by the settlement of the estate. Attention may be given to personal characteristics and to all the other causes, not easily susceptible of enumeration, rationally affecting a judicious selection. *Russell* v. *Hoar,* 3 Met. 187, 190. See in this connection *Thayer* v. *Homer,* 11 Met. 104, 110; *Harding* v. *Brown,* 227 Mass. 77, 86; *Martin* v. *Otis,* 233 Mass. 491, and cases collected at page 496.

There is nothing in this record to indicate any abuse of discretion by the judge of probate, or any lack of suitableness on the part of the appointee of the Probate Court. On the contrary, the fact that the other petitioner must, in the performance of his duty as executor of the will of the deceased executrix of the testator, file an account of her administration, is some reason for appointing another person administrator of that estate in order that such account may be subjected to disinterested scrutiny.

There was no error under the circumstances here disclosed in the ruling that the extent of the rights of the widow in the estate of the testator, being dependent upon the construction of his will, was not directly involved in the appointment of the administrator. Even if the widow took the entire estate of the testator, that did not as matter of law require the appointment of her executor as administrator of the remaining estate of the testator. It still was required that a suitable person be appointed.

*Decrees of Probate Court affirmed.*