E. MOODY BOYNTON *vs.* ERNEST FOSS, trustee.

Essex.    March 17, 1921. — May 28, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Probate Court*, Appeal.

Upon an appeal from a decree of the Probate Court dismissing a petition for the revocation of a decree appointing the respondent trustee under a foreign will, it appeared that by agreement of all the parties the hearing of the petition for revocation was not confined to the question of revocation for a want of proper notice but included all the evidence bearing on the merits of the original petition " as if no decree had been entered thereon," that a citation upon the original petition, directing notice by publication, had been complied with, that the respondent therein, being outside of the circulatory radius of the newspaper in which publication of that citation was made, did not see it and that the notice by publication was inadequate; and the judge found, on evidence warranting the finding, that the petitioner in the original petition and his counsel made little or no effort to ascertain how they might reach the respondent therein with direct notice of the petition, that from the history of the case, together with a series of equity proceedings in the Superior Court on matters collateral to it, they regarded him as a litigious and troublesome person and had reason to believe that, had he been notified of the petition, he would have opposed it and that therefore they limited the terms of the citation to the terms of the order of the court; that the appointment of a trustee was necessary, and that the petitioner in the original petition

was suitable, capable, disinterested and honorable; and the judge allowed the decree appointing him to stand and dismissed the petition for its revocation. *Held,* that

(1) The conduct of the petitioner in the original petition and his counsel in limiting the terms of the citation to the terms of the order of the court did not as a matter of law make him unsuitable for the administration of the trust nor disqualify him;

(2) The appointment of a suitable person as trustee rested in the sound discretion of the court;

(3) The finding that the petitioner in the original petition was a suitable person was warranted by the evidence, and no abuse of discretion of the judge was shown.

PETITION, filed in the Probate Court for the County of Essex on June 24, 1920, for the revocation of a decree of that court appointing the respondent trustee under the will of John C. Hastings, late of Somersworth in the State of New Hampshire.

The petition was heard in the Probate Court by *White,* J. The circumstances in which the hearing proceeded and material findings and rulings by the judge are described in the opinion. The judge ruled, that, "Because . . . the evidence was addressed to the issues raised by the said Foss petition as if no decree had been entered thereon, and because, upon the facts above stated, the decree which was entered upon said petition is justified, I allow said decree to stand by dismissing the petition for its revocation."

The petitioner appealed, and the judge reported the evidence and his findings and rulings.

*G. Newhall,* for the petitioner.

*H. I. Bartlett, (G. H. W. Hayes* with him,) for the respondent.

CARROLL, J. On March 25, 1920, Ernest Foss of Newburyport was appointed trustee under the will of John C. Hastings, late of Somersworth, New Hampshire, it appearing that there was real estate in the county of Essex in this Commonwealth belonging to his estate and to the trust created by the will. On June 24, 1920, the appellant filed this petition asking for a revocation of the decree appointing Foss. In the Probate Court the petition was dismissed and a report was made by the judge of probate.

On the petition of Mr. Foss for his appointment a citation issued, to be served by publishing the same in the Newburyport Daily News once in each week for three successive weeks, the last publication to be one day at least "before said court." An affidavit of service was filed. The judge found that the appellant was

without the circulation radius of the Newburyport Daily News and did not see the citation and did not know of the filing of Foss's petition for appointment as trustee, and that if he had known of it, he would have appeared and opposed it.   On April 20, 1920, Foss filed a petition for leave to sell the real estate at public auction upon which petition a citation issued, service of which was ordered to be published in the Newburyport Daily News.   This petition is still pending.

By agreement of all parties, the hearing was not confined to the question of revocation for lack of proper notice, but included all the evidence bearing on the merits of the original petition " as if no decree had been entered thereon."

The judge of probate ruled that if the hearing " had been confined to the issue of revocation," the petition for revocation would have been granted because the notice by publication was inadequate.   He found on the merits of the controversy that the appointment of a trustee was necessary, and that Foss was suitable, capable, disinterested and honorable, and he allowed the decree appointing him to stand and dismissed the petition for its revocation.

The finding that Foss and his counsel made little or no effort to ascertain how they might reach the appellant with direct notice of the petition, — that from the history of the case, together with a series of equity proceedings in the Superior Court on matters collateral to it, they regarded him as a litigious and troublesome person, and had reason to believe, that had he been notified of the petition, he would have opposed it, and that therefore they limited the publication of the citation to the terms of the order of the court, — is not of itself sufficient to show that Foss was unsuitable for the administration of the trust, or was so interested as to disqualify him.   The appointment of a. suitable person to serve as trustee rested in the sound discretion of the court.   *Davis, petitioner,* 237 Mass. 47.   The appellant admitted that personally he had " no fault to find with Mr. Foss," and that " Personally, Mr. Foss as a trustee would be all right."   He asserted, however, that there was a conspiracy against him and that Foss was hired by the conspirators.   Without repeating all the evidence bearing on this point, it is enough to say that this was fully disposed of by the findings of the judge who heard the evidence and saw the wit-

nesses, that Foss was not in any conspiracy to defraud or injure the appellant. From an examination of all the reported evidence we find nothing to show an abuse of the discretion of the judge of probate, or any want of suitableness on the part of the trustee appointed. See *McKay* v. *Kean*, 167 Mass. 524, 526.

*Decree affirmed.*