PETER J. GROGAN vs. PATRICK J. O'NEILL.

APRIL 6, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)  Probate Law.  Executors and Administrators.  Non-Resident Administrator.

Where one domiciled in a foreign State died in this State intestate, and the husband was appointed administrator in the foreign State; the administration in this State is ancillary thereto, and the husband under the law of the foreign State being entitled to one-half of the net estate and also disputing a large claim filed against the estate the circumstances render his appointment as administrator in this State proper.

(2)  Executors and Administrators.  Non-Resident Administrator.

The appointment of a non-resident as administrator is only contemplated under peculiar circumstances justifying such appointment in the interest of the estate.

PROBATE APPEAL.  Heard on exceptions of former administrator and overruled.

SWEENEY, J.  This is a probate appeal involving the appointment of an administrator upon the estate of a non-resident.

Peter J. Grogan married Julia O'Neill in Pawtucket in 1923 and they went to live in Butte, Montana, where he had resided for fifteen years.  Mrs. Grogan's father, brothers and sisters resided in Pawtucket.  Mrs. Grogan returned to Pawtucket in September, 1925, for a visit and died there the following month, childless and intestate.  The only estate she left was a deposit of $2,475.85 in a trust company in Pawtucket.  June 9, 1926, the probate court of Pawtucket entered a decree appointing her brother, Patrick J. O'Neill, administrator of her estate in this State.  This appointment was made upon his petition filed at the request of the undertaker.  Peter J. Grogan, the surviving husband, claimed an appeal from said decree.  After trial in the Superior Court the Presiding Justice entered a decision sustaining the appeal and appointed Mr. Grogan administrator, within this State, of his deceased wife's estate.

The former administrator has brought the appeal to this court by his bill of exceptions and claims that under the evidence presented the court erred in appointing the non-resident husband such administrator.

The surviving husband has a right to be appointed administrator upon the estate of his deceased wife, either alone or jointly with her next of kin, if he is a suitable and competent person. Sec. (5428), Gen. Laws 1923. The effect of this section is restricted by Sec. (5429), which provides that no person not an inhabitant of this state shall be appointed administrator by reason of any right to such trust, unless other circumstances, in the opinion of the court, render such appointment proper. Construing this section in *Latham* v. *Mullen*, 37 R. I. 297, the court said that the appointment of a non-resident as administrator "was only contemplated in the event that the peculiar circumstances of the case justified the exercise of a permissive authority to make such an appointment". "In granting administration, the primary object is the interest of the estate; hence, courts have deemed it their duty to place the administration in the hands of the person most likely to convert the property to the best advantage of those beneficially interested. Other things being equal, that person will be he who is entitled as distributee, in whole or in part, to the residue of the estate after the claims of creditors have been satisfied, because of his interest. It is, therefore, an established principle governing courts exercising probate jurisdiction, that the right to the administration of the effects of an intestate follows the property in them." *Johnson* v. *Johnson*, 15 R. I. 109.

The distribution of the personal property of Mrs. Grogan will be governed by the laws of the State of Montana as she had her domicile in that state at the time of her death. Sec. (5458), Gen. Laws 1923; 18 C. J. 809. Mr. Grogan has been appointed administrator of her estate in Montana. The administration in this State will be ancillary thereto, the chief object of which will be the protection of local

creditors.   Mr. Grogan testified the only local creditor was the undertaker and that he was ready to pay the claim. The attorney for Mr. O'Neill stated that the claims against the estate amounted to about $1,600.   One of the claims is for $1,000 made by a sister of the deceased, the validity of which is disputed by Mr. Grogan.   In the brief for Mr. Grogan it is stated that under the law of Montana he is entitled to one-half of the net estate of his deceased wife, and that the other half will go to her father.   As Mr. Grogan is one of the two persons entitled to the net estate of his deceased wife and disputes the validity of a large claim against her estate, we are of the opinion that the circumstances render his appointment as administrator upon her estate, in this State, proper.   *Weaver* v. *Chace*, 5 R. I. 356.

Before entering upon the execution of his trust he will be required to give bond to the probate court and appoint a resident agent upon whom legal process may be served. §§ (5626), (5462), Gen. Laws 1923.

The exceptions are overruled.   The case is remitted to the Superior Court for further proceedings following the decision.

*Cooney & Cooney*, for appellant.
*James E. Brennan*, for appellee.