250 A.2d 351.

IN RE ESTATE OF MARCUS A. FULLER.[1]

FEBRUARY 14, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

---

[1]Under rule 1.8 of the rules of practice of the superior court this probate appeal should be entitled "Mildred D. Fuller vs. Estate of Marcus A. Fuller, Robert R. Afflick and Glenn E. Nippert, Co-Administrators."

PAOLINO, J. This is an appeal from a decree of the probate court of the city of Warwick appointing Robert R. Afflick and Glenn E. Nippert as co-administrators of the estate of Marcus A. Fuller, deceased. The case was heard before a justice of the superior court sitting without a jury. After the hearing the trial justice rendered a decision denying and dismissing the appeal and affirming the appointment made by the probate court. A decree[2] based thereon was subsequently entered. The cause is before us on the petitioner's appeal from such decree.

The pertinent facts are as follows. Mildred D. Fuller, herein referred to as the petitioner, filed a petition in the probate court of the city of Warwick alleging that she was the widow of Marcus A. Fuller and praying that she or her counsel, Robert R. Afflick, a member of the bar of this state, be appointed administrator of Marcus's estate. She also alleged in her petition that deceased left as heirs-at-law three children from other marriages and that they were non-residents of this state. Glenn E. Nippert, a member of the bar of this state, represented the three children. After the hearing in the probate court, a decree was entered appointing Mr. Afflick and Mr. Nippert as co-administrators. The petitioner thereupon filed the instant appeal. In her reasons of appeal, she alleges that the decree of the probate court is against the law and the evidence, and she prays

---

[2]Rule 81 (a) (1) of the rules of civil procedure of the superior court provides that the new rules do not apply to probate appeals during the process and pleading stages. Inferentially they apply to all other stages and therefore we shall treat the decree entered in this case as a judgment and shall apply the terminology of the new rules where practical.

that she be appointed administrator pursuant to the provisions of G. L. 1956, §33-8-8.

At the hearing in the superior court, petitioner testified that she resided in the city of Warwick and that she was the widow of the decedent. She produced a marriage certificate which was entered in evidence. She stated that the only next of kin of decedent were three children, one child by his first wife and two by his second. She also testified that the children were all non-residents of this state. On cross-examination she admitted having participated in three marriage ceremonies with decedent but was not certain as to where or when they occurred. She further testified, over objection, that at the time of the probate court hearing on her petition, she was in the custody of Massachusetts authorities on arrest status, charged with the murder of her husband, and was free on bail from Massachusetts at the time of the hearing in the superior court. There has been no adjudication of the guilt or innocence of petitioner on the charge of murder.

After the petitioner rested, Mr. Nippert called Mary V. Moran as a witness. She testified that she lived in Hingham, Massachusetts; that she was the daughter of the decedent; and that she and the decedent's other children were desirous of having Mr. Nippert appointed administrator of their father's estate.

In his decision the trial justice referred to the "Slayer Statute," but he pointed out that he recognized the fact that there had been no adjudication of petitioner's guilt or innocence of the charge of murder and that she was presumed to be innocent until proven guilty according to law. Nevertheless, on the basis of the evidence before him, he refused to appoint her either as sole administrator or as co-administrator.

The petitioner contends that the trial justice erred in admitting evidence that she had been charged with the

166

murder of decedent in Massachusetts and in considering G. L. 1956, §§33-1.1-1 to 33-1.1-16, the so-called "Slayer Statute," in refusing to appoint her as administrator of her husband's estate. She argues in substance that she was entitled to appointment as administrator as the widow of decedent pursuant to G. L. 1956, §33-8-8. She further argues that he erred in appointing Mr. Afflick and Mr. Nippert, strangers to the estate, as co-administrators. We do not agree. We believe that the controlling statutes here are §§33-8-7 and 33-8-8.

Section 33-8-7 reads as follows:

> Residence of administrator.—No person not an inhabitant of this state shall be appointed administrator by reason of any right to such trust, unless other circumstances, in the opinion of the court, render such appointment proper."

Section 33-8-8 reads as follows:

> "Administration of intestate estate. — Administration of the estate of a person dying intestate shall be granted as follows:

> "*First.* To the widow or surviving husband or one or more of the next of kin, or to the widow or surviving husband jointly with one or more of the next of kin, they being suitable persons and competent.

> "*Second.* If the widow or surviving husband and the next of kin shall neglect to apply for letters of administration within thirty (30) days after the decease of a person intestate, or shall be unsuitable for the discharge of the trust, or renounce the administration, the probate court may, on petition therefor of some party in interest, grant administration to any suitable person."

The right to priority under the first clause of §33-8-8 is not absolute. Such right is restricted, first, by the provisions of §33-8-7, which limits the appointment of an administrator to inhabitants of the state, unless, other circumstances, in the discretion of the court, render the appointment of a non-resident proper. Secondly, such right

is limited by the provisions of §33-8-8 to widows or surviving husbands or next of kin who are "suitable persons and competent." See *Latham* v. *Mullen,* 37 R. I. 297, 301; 92 A. 804, 805; see also *Fortin* v. *Tanguay,* 75 R. I. 102, 104-107, 64 A.2d 188, 189-190. Compare *Weaver* v. *Chace,* 5 R. I. 356. Sections 33-8-7 and 33-8-8 clearly vest the probate court and the superior court, on appeal, with discretionary power within the guidelines therein prescribed.

Under §33-8-8 the superior court was duty-bound to inquire into the suitability and competency of petitioner to administer the decedent's estate. In *Grossman* v. *Grossman,* 343 Mass. 565, 568, 179 N.E.2d 900, 902, the court, citing *Davis, Petitioner,* 237 Mass. 47, 49-50, 129 N.E. 366-367, stated that

> "* * * the term 'suitable person' connotes a person who is considered to have the capacity and the will to discharge the duties in the particular case with fidelity and efficiency."

The court in *Davis, supra,* held that the term "suitable person" had no fixed and inflexible meaning, but that such a term authorizes the probate court to appoint:

> "* * * the person or persons who appear in the exercise of sound and discerning judgment in the light of all the circumstances of the particular case to be best equipped by temperament, experience and sagacity to discharge the trust with fidelity, prudence and promptness."

The *Davis* court further added that

> "* * * Suitableness is capacity founded on the innate and acquired qualities of the particular person in his relation to the situation of the estate to be administered, and to those directly and indirectly to be affected by the settlement of the estate. Attention may be given to personal characteristics and to all the other causes, not easily susceptible of enumeration, rationally affecting a judicious selection."

Evidence that petitioner was charged with the homicide of decedent, that she had been arrested, and that she was

out on bail pending the disposition of that charge, was material on the issue of her suitability to administer decedent's estate. Such evidence was therefore admissible on this issue and petitioner's contention to the contrary is without merit. Compare *Kenyon* v. *Saunders,* 18 R. I. 590, 30 A. 470.

During the hearing in the superior court petitioner stated in substance that her first desire was that she be appointed administrator; that if the trial justice refused that request, she desired that she be appointed co-administrator with Mr. Nippert; and, finally, if that was not possible, she desired that Mr. Afflick be appointed co-administrator with Mr. Nippert. The decedent's three children indicated through the testimony of Mrs. Moran, that Mr. Nippert represented their interests and they desired that he be appointed administrator. We note here that they did not appeal from the decree of the probate court appointing Mr. Afflick and Mr. Nippert. We also point out that the latter represented to the trial justice that he, as the representative of the children, preferred that Mr. Afflick be appointed co-administrator.

There is implicit in the trial justice's decision a finding that on the record before him petitioner was not a suitable person within the meaning of §33-8-8 to administer decedent's estate. We hold that under §33-8-8, he had discretionary power to appoint strangers as co-administrators and that in the circumstances of this case his appointment of Mr. Afflick and Mr. Nippert was not an abuse of his discretion.

On the view we have taken we do not reach the question whether the trial justice erred in considering the effect of the provisions of the so-called "Slayer Statute." There was sufficient evidence to support his refusal to appoint the petitioner on the ground that she was not a suitable person within the meaning of §33-8-8.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Robert R. Afflick*—co-administrator, for Mildred D. Fuller, petitioner-appellant.

*Glenn E. Nippert*—co-administrator, for the children of the deceased, appellees.