PEOPLE'S STATE BANK OF HOLLAND v. MILLER'S ESTATE.

1. GIFTS—BANK DEPOSITS—JOINT DEPOSITS—RIGHT OF SURVIVOR-SHIP—STATUTES—INTENT.

Where a decedent left at the plaintiff's bank an order that her account therein should be a joint account with another person payable to either or the survivor, *held*, that if decedent's intention was that such person should take by right of survivorship such intent would be given force under section 3 of Act No. 248, Pub. Acts 1909 (2 Comp. Laws 1915, § 8040), relating to the creation of a joint tenancy with rights of survivorship in a deposit made in the name of the depositor and another person, in form to be paid to either or the survivor of them.

2. SAME.

An order upon a bank by a depositor to make her deposit a joint one payable to either or the survivor, is sufficient to bring it within section 3 of Act No. 248, Pub. Acts 1909.

[1]As to whether deposit in joint names is gift to codepositor, see note in 12 L. R. A. (N. S.) 355.

Appeal from Ottawa; Cross, J. Submitted October 19, 1917. (Docket No. 73.) Decided December 27, 1917.

Bill of interpleader by the People's State Bank of Holland against Mrs. Fred Zuber and Fred T. Miles, administrator of the estate of Florence Miller, deceased, to determine the title to a deposit. From a decree for defendant Zuber, defendant Miles appeals. Affirmed.

*Charles E. Misner* and *Fred T. Miles,* for appellant.

*Lillie, Lillie & Lillie,* for appellee.

FELLOWS, J. Florence Miller had a deposit in plaintiff bank of between $1,700 and $1,800. She was afflicted with tuberculosis, and the record discloses that she had on several occasions expressed her desire and intent that defendant Mrs. Fred Zuber should have what property she left at her decease. In June, 1916, Mrs. Zuber presented an order together with Miss Miller's bank book to the cashier of the bank. The order was not preserved, and its exact purport does not appear, except that it was the intent of the order, as the cashier now remembers it, to make the account a joint one, substantially as was the order hereafter set out. The cashier was not acquainted with Mrs. Zuber, and did not honor this order, but prepared an order himself and called on Miss Miller. She said it was just as she wanted it, and signed it in the presence of two witnesses. The order is as follows:

"June 27, 1916.

"PEOPLE'S STATE BANK,
     "Holland, Michigan.
     *"Gentlemen:* Please enter the name of Mrs. Fred Zuber on the signature card of my savings account No. 320 in your bank. I want to make it a joint account

payable to either or survivor.   The signature of Mrs. Fred Zuber will be honored by me.

[Signed]   "FLORENCE MILLER.

"Witnessed:
    "JOHN J. MERSEN,
    "HENRY WINTER.
"6/28/1916."

This order was taken by the cashier and pasted on the account of Miss Miller in the bank's book.   Thereafter Mrs. Zuber drew small amounts for Miss Miller, and after her death claimed the balance due on this account.   Defendant Miles was duly appointed administrator of Miss Miller's estate, and also claimed the fund.   Thereupon plaintiff filed this bill of interpleader.   A decree in favor of defendant Mrs. Zuber is appealed from by the administrator.

The testimony is overwhelming and undisputed that the deceased desired and intended that Mrs. Zuber should have this money after her death, and that she caused the account to be changed to carry out such intent.   The testimony does not admit of the construction that the account was changed solely to convenience its withdrawal during Miss Miller's illness.   If Miss Miller intended, as we believe she did, in making this change to so fix the account at the bank that Mrs. Zuber would take by right of survivorship, her intent will be given force by the courts.   Section 3, Act No. 248, Pub. Acts 1909 (2 Comp. Laws 1915, § 8040) ; *In re Rehfeld's Estate, ante* 249 (164 N. W. 372).   Nor are we able to follow counsel's contention that the language used was not sufficient to bring the case within the statute cited.   The language of the order is, "make it a joint account payable to either or survivor;" the language of the act is, "in form to be paid to either or the survivor of them."   It was not necessary, as we have already stated, that the transaction contemplated or that the order or account show a present gift.

There is no testimony or inference that may legitimately be drawn from the testimony that would permit us to conclude that it was not the intention of Miss Miller in making this change to give Mrs. Zuber what money she had in the bank at the time of her death. Indeed the testimony is all to the effect that she felt under many obligations to Mrs. Zuber for what she had done for her during both her health and her sickness; that she had treated her as a sister would, while her near relatives, who were of the half blood, had been indifferent to her welfare. There is no claim of mental incapacity or undue influence. There is nothing upon this record calling upon us or justifying us in reaching a different conclusion from that reached by the trial judge.

The decree is affirmed. Mrs. Zuber will recover costs of this court from the appellant.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.