[1] Reported in 15 N.W.2d 501.
1. The lower court, upon conflicting evidence, found that Wilson G. Crosby possessed testamentary capacity at the time of the execution of his last will and testament, dated November 22, 1929. Under well-settled rules, the trial court's finding upon this fact issue is binding upon us, such finding not being clearly and manifestly against the evidence. No purpose can be served in discussing the evidence in detail.
2. J.W. Hunt, an attorney at Duluth, was permitted to testify as to testator's competency. He had not signed the will as a witness thereto, but it was signed in his presence. Hunt had been Crosby's personal attorney for many years and had intimate knowledge of Crosby's affairs, business and personal. Besides the 1929 will, here being contested, Hunt had previously prepared two wills for Crosby dated in 1923 and 1927. He had also handled much of *Page 151 
testator's business under a general power of attorney and had conferred and corresponded with testator at frequent intervals for a period of many years; but he was well advanced in years at the time of the trial, and his recollection of details had failed to a considerable extent.
Hunt not having signed the will as a witness, it was necessary that he state facts within his knowledge and base his opinion on such facts. In re Will of Pinney, 27 Minn. 280,6 N.W. 791; In re Estate of Olson, 176 Minn. 360, 223 N.W. 677. This rule was recognized at the trial, and, by way of foundation, Hunt was asked as to his transactions with testator. His recollection was not clear and precise, but he did testify that he prepared the will on the basis of suggestions made by Crosby, that he and Crosby talked about certain provisions of the will, and that he remembered all the conversations, though not their details. He stated: "I couldn't state the substance of those conversations now, but it related to the will and just what property should be in, and how the former will should be changed." However, in some detail, he related his contacts with Crosby, both as a fellow attorney at law and as a client over a period of many years, prior to and following the execution of the 1929 will.
Conceding that the foundation for Mr. Hunt's opinion was considerably weakened by his lapse of memory and that the foundation for his opinion was slight, yet the sufficiency of that foundation was a matter largely within the discretion of the trial court. In re Estate of Olson, 148 Minn. 122,180 N.W. 1009; In re Estate of Olson, 176 Minn. 360, 223 N.W. 677,supra. We find no abuse of that discretion here.
3-4. In reference to the appointment of executors, the will provides:
 "Article Eighth.
"* * * I make, constitute, and appoint my said wife, LaBurtte Shepard Crosby, and James W. Hunt, of Duluth, Minnesota, to be the joint executors and the joint trustees of this, my last will and testament. I request that the said James W. Hunt, at the time of *Page 152 
making each annual statement hereinabove required, or at such other time as he may wish, or by a provision in his will, as he may elect, shall designate some person to act as executor and/or trustee in the case of his own death or disability, such designation to be in writing signed by him and retained in his possession, and I request that such designation be given due weight by any court or judge who may thereafter be called upon to appoint a new executor or trustee to take the place of the said James W. Hunt.
* * * * *
"If the said James W. Hunt shall make no such designation, or if the person so chosen by him shall not act, I desire that The First and American National Bank of Duluth shall be appointed by the proper court as such executor and/or trustee to succeed the same James W. Hunt."
Crosby's wife preceded him in death. Hunt did not qualify as executor. Instead, by a formal instrument dated October 23, 1942, he relinquished his right to act as executor and requested "that the Court appoint the First and American National Bank of Duluth as the executor of said will in compliance with the provision of said will naming said bank as executor in my stead in case of my disability to act as such."
Appellants contend that the First and American National Bank was not an "executor named in the will" within the meaning of Minn. St. 1941, § 525.25 (Mason St. 1940 Supp. § 8992-58), providing: "If any executor named in the will is found by the court to be suitable and competent to discharge the trust, he shall be appointed"; that appellants, as testator's sole heirs at law, were therefore entitled to have their nominee, the Northern National Bank, appointed as administrator with the will annexed. This presents two questions: (a) Whether testator's "request" that Hunt "designate some person to act as executor * * * in the case of his own * * * disability," and his further request that "such designation be given due weight by any court or judge who may thereafter be called upon to appoint a new executor or trustee to take the place of the said James W. Hunt," followed by Hunt's formal *Page 153 
designation of the First and American National Bank of Duluth, constitute that bank an "executor named in the will" within the meaning of the statute; and (b) assuming that Hunt's designation of the bank was not mandatory or that the designation was entirely ineffective, whether the final sentence expressing a desire that the bank be appointed "to succeed" Hunt has become operative.
Emphasis is placed upon these expressions in the will: "new executor * * * to take the place of" and "executor * * * to succeed the said James W. Hunt," as well as on the clause that Hunt was to make his designation at the time of his "making each annual statement * * *, or at such other time as he may wish," and it is argued that because Hunt himself never qualified as executor or filed an annual statement, therefore his power of appointment never became effective. The contention is that there was no absolute power or right of designation given to Hunt, he having been delegated to make a designation or nomination only in case he himself first qualified and commenced serving as executor. As to the first question, it is also argued that testator's only request was that any designation by Hunt be given "due weight" by the appointing court, and that such designation was therefore not binding upon the court to the same extent as if the will had expressly named the bank as executor.
The right of a particular person to act as executor of a will is, under our statute, dependent upon his being "named" as such in the will, assuming, of course, that he is qualified and suitable. Such naming may be specific, or the right to name may be delegated to a third person. 21 Am. Jur., Executors and Administrators, §§ 56, 57.
No particular form or words need be used in designating the executor. Effect will invariably be given to testator's intent if such intent can be gathered from the actual language used. 3 Schouler, Wills (6 ed.) § 1509. Technicalities are usually brushed aside and "great liberality * * * exercised in committing the execution of wills to those indicated in any manner by the will as the testator's *Page 154 
choice, so as not to disappoint his wishes." 21 Am. Jur., Executors and Administrators, § 56.
"* * * The selection and designation may be immediate and expressed, or it may be constructive or by implication, or it may be delegated by the will. The fundamental and ever-present principle that effect shall be given to the ascertainable and lawful intention of the testator, if expressed in the instrument, covers this act with its beneficent and protecting sway and impels judicial tribunals to thrust aside technicalities, fill in as necessary that which is missing and interpret liberally that which is written in progressing to their decisions committing the execution of wills to those who were within the contemplation and intention of the testator. The intent of a testator as to how, when and by whom his estate shall be conserved, paid out and distributed will be, if needs be, strenuously searched for in the testamentary language and when ascertained will be carried out in so far as it is not inimical to law." In re Matter of Bergdorf, 206 N.Y. 309, 312,99 N.E. 714, 716.
All subtle and strict rules of construction aside, it is clear that the testator here intended that, in case of the death, disability, or declination to act of his wife and Hunt, his estate should be administered by whatever qualified and suitable person or corporation Hunt should designate in writing, at any time, regardless of whether he ever formally qualified as executor or not. The expression that such designation by Hunt should be "given due weight," while not as unequivocal as it might have been, was nevertheless a clear expression of testator's preference and wishes and must be construed as a mandate, inoperative only in case the nominee failed to qualify or proved unsuitable. No other intention can be spelled out of the will taken by its four corners.
But, even were Hunt's designation of the First and American National Bank entirely disregarded, that bank would have been entitled, as of right, to the appointment as executor under the last quoted sentence of the will. The contention that the bank was designated only to "succeed" Hunt, and that, unless Hunt should first be appointed and qualify, this provision did not become effective, *Page 155 
is too technical to deserve serious consideration. One of the accepted meanings of the word "succeed" is "to take the place of" (Webster's New International Dictionary, 1923), which is the expression used by testator in the first paragraph of Article Eighth. And, obviously, if the bank accepted the appointment, it would "take the place of" Hunt, regardless of whether he had previously qualified or not.
The whole will points to the definite determination and wish of testator to limit the selection of an executor to those persons expressly named in Article Eighth, including Hunt's nominee, and to avoid a contingency permitting such representative to be chosen by his heirs.
The intention of the testator as expressed in the will itself must, of course, govern in the matter of appointing executors, as in other matters affecting the administration of his estate. Schouler, Wills (6 ed.) 1926 Supp. § 1509; In re Estate of Parker, 202 Cal. 138, 259 P. 431; and see, Johrden v. Pond,126 Minn. 247, 148 N.W. 112. Notwithstanding such rule, we have examined the provisions of the prior wills executed by Mr. Crosby and have considered them. They do not change our conclusion that the district court was correct in considering itself bound by the wish of testator, expressed in his final will, that the First and American National Bank be appointed.
5-6. Finally, appellants urge that, even if the First and American National Bank be considered as the named executor, it was not "suitable" to discharge the trust within the meaning of §§ 525.25, 525.28 (§§ 8992-58, 8992-68).
Unsuitability is now a ground for refusing appointment, whereas formerly it was only a ground for removal of an executor. In re Estate of Holterman, 203 Minn. 519,282 N.W. 132; In re Estate of Barck, 215 Minn. 625, 11 N.W.2d 149. In the first of these cases we said (203 Minn. 521,282 N.W. 133):
"* * * The new requirement of suitability, added to the old one of competence, has definitely enlarged the field for judicial interpretation of the facts determinative of eligibility," adding: "In view of the change introduced by the new probate code with *Page 156 
respect to executors, any degree of unsuitability that would bar selection as administrator must now equally prevent appointment as executor."
To this latter statement should be added the qualification that the suitability of the executor named by the testator should be determined solely upon the basis of his own acts, conduct, interests, attitudes, and attributes, and not by comparison with those of the nominee of the heirs.
The legislature has the unquestioned power to qualify a testator's right of appointing an executor, and may even wholly deprive the testator of that right, for the right to make a will is purely a statutory right, subject to the complete control of the legislature. 6 Dunnell, Dig. Supp. § 10205; Page, Wills (Lifetime ed.) § 25. It is, however, clear that the legislature in adopting the new probate code recognized the propriety, based on immemorial custom, of giving the preferential right of the appointment to the testator's nominee. The legislative intention of making the testator's choice mandatory upon the courts, unless his nominee is not suitable and competent, appears from this language in § 525.25:
"* * * If any executor named in the will is found by the court to be suitable and competent to discharge the trust, he shall be appointed. * * * if no named executor is found by the court to be willing, suitable, and competent, the court shall appoint the person entitled to administration in case of intestacy as administrator with the will annexed."
This provision fixes the limit of the discretion vested in the probate or district court in making an appointment of an executor where the testator has expressed his choice.
All presumptions are in favor of the person whom the testator names, and preference must be given him. His appointment cannot hinge upon comparisons. If he is willing, suitable, and competent, "he shall be appointed" notwithstanding the heirs at law offer the name of another whom the appointing court might consider more suitable or competent. See, 33 C.J.S., Executors and *Page 157 
Administrators, § 46; In re Estate of Betts, 185 Minn. 627,240 N.W. 904, 243 N.W. 58 (dealing with competency only); In re Morgan's Estate, 209 Mich. 65, 176 N.W. 606. And see, State ex rel. Gregory v. Henderson, 230 Mo. App. 1, 88 S.W.2d 893; In re Estate of Taylor, 61 Nev. 68, 114 P.2d 1086,135 A.L.R. 580.
The word "suitable" is not defined by our statutes and has no fixed and inflexible meaning in this connection. The determination of suitability is in each case committed to the "sound and discerning judgment" of the appointing court, to be exercised in favor of the testator's choice if he appears to be "equipped by temperament, experience and sagacity to discharge the trust with fidelity, prudence and promptness * * * having regard to the special conditions of each estate and those interested in it as creditors, legatees, and next of kin." Petition of Davis, 237 Mass. 47, 49, 129 N.E. 366. And see, Davis v. Davis, 33 Ga. App. 628, 127 S.E. 779; 33 C.J.S., Executors and Administrators, § 46.
There is nothing in the record to indicate any abuse of discretion by the lower court. On the contrary, it appears that the court gave the matter most painstaking and judicial consideration.
The appointing court is not only in a better position to appraise the seriousness of the charges against the testator's choice, after hearing the evidence and seeing the witnesses, but the legal duty is upon it to make the decision. That the lower court recognized its obligation in this respect and conscientiously met it is apparent from the memorandum attached to its order appointing the First and American National Bank as executor.
"Unsuitability," to quote from the trial court's memorandum, "is claimed to arise out of [1] the unfriendly relations between the Crosby sons, who are beneficiaries, and Mr. Hunt, whom the bank had indicated it would retain as its attorney, if appointed, and [2] the fact that the administration of the estate has been largely completed by the special administrator, whom the beneficiaries seek to have appointed administrator with the will annexed." *Page 158 
The trial court gave careful consideration to the claim so urged and properly recognized both contentions as having "some, but not controlling, force." It also expressed its opinion that, "If I felt that it were a matter of discretion, unaffected by the testator's wishes, I would appoint the Northern National Bank as administrator with the will annexed." However, it reached the conclusion that the First and American National Bank was not "unsuitable," and accordingly appointed that bank. That conclusion, based on adequate evidence, cannot be disturbed here.
Affirmed.
MR. JUSTICE MAGNEY took no part in the consideration or decision of this case.