RUCH v. FIRST NATIONAL BANK OF THREE RIVERS.

1. EVIDENCE—CORROBORATION OF GIFT—PLEADING.

Notes payable to defendant and her maternal grandmother, identified by handwriting expert and defendant, as having been signed by plaintiff, were competent evidence as corroborative of fact that plaintiff had given defendant, his daughter, the funds on deposit in a bank, hence it was unnecessary to refer to such notes in defendant's pleadings.

2. APPEAL AND ERROR—TESTIMONY RECEIVED WITHOUT OBJECTION— OBJECTION TO SINGLE QUESTION.

Prejudicial error did not result from permitting defendant to testify as to conversations between herself and her maternal grandmother over plaintiff's objection to single question as to grandmother's conversations, in his proceeding to recover funds deposited in bank savings account in joint names of himself and defendant daughter, where latter had been permitted to testify in like manner without objection.

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleading, § 8.
[3] 3 Am Jur, Appeal and Error, §§ 817, 1037–1039; 20 Am Jur, Evidence, § 555.
[4] 24 Am Jur, Gifts, § 104.
[4] Gift of savings deposit by delivery of passbook.  40 ALR 1249; 84 ALR 558.
[5] 3 Am Jur, Appeal and Error, § 912.
[7] 24 Am Jur, Gifts, § 115.
[8] 7 Am Jur, Banks, § 427 et seq.
[8] Gift or trust by deposit of funds belonging to depositor in bank account in name of himself and another.  48 ALR 189; 66 ALR 881; 103 ALR 1123.

3. SAME—FAILURE TO OBJECT—SAVING QUESTION FOR REVIEW.

Where trial court in equity case ruled that all testimony given by defendant daughter as to conversations between herself and deceased mother in the absence of plaintiff father be stricken, it must be assumed that no consideration was given by the court to the stricken testimony, hence plaintiff was not prejudiced by defendant daughter's statements as to conversations between herself and her mother and he may not complain that testimony to which he did not object was received.

4. GIFTS—SAVINGS DEPOSIT—PASSBOOK—INTENT.

A valid gift of the money deposited in a savings bank may be effected by the delivery to the donee, of the depositor's passbook, with intent to give the donee the deposit represented by it.

5. APPEAL AND ERROR—DE NOVO REVIEW—EVIDENCE—TITLE TO FUNDS IN JOINT SAVINGS ACCOUNT.

While a suit to determine title to funds on deposit in a joint savings account, being an equity case, is heard by the Supreme Court *de novo*, consideration is given to the fact that the trial court could observe the parties while testifying and throughout the course of the trial and reversal of that court's determination will not be made unless, under the proofs, the Supreme Court would have reached the opposite conclusion.

6. GIFTS—PARENT TO CHILD—JOINT SAVINGS ACCOUNT—EVIDENCE.

Whether or not a gift of the funds in a joint savings account was made by plaintiff father to defendant daughter at time daughter claims it was made is determined by the evidence and in the light of the situation then existing.

7. SAME—PARENT TO CHILD—EVIDENCE.

A gift from a parent to a child is more easily proved than in instances where such a transaction is between persons not so related, especially in the absence of fraud or undue influence.

8. SAME—JOINT SAVINGS ACCOUNT—PARENT TO CHILD—EVIDENCE.

In suit by plaintiff father against defendant daughter to determine title to funds on deposit in a joint savings account, defendant's proofs sufficiently established the claimed gift to her where there is no claim of undue influence, record does not justify a finding that fraud was practiced upon plaintiff, it appears that at the time of the gift he apparently wished her to receive all of his property and prior business dealings as well as establishment of a deposit in their joint names is not consistent with any other intention.

9. SAME—PERSONAL PROPERTY—DELIVERY—FINDING OF COURT—EVI-
    DENCE.
    In suit by plaintiff father, a widower at time claimed gift to
        defendant daughter was made, to establish title to joint sav-
        ings account, refrigerator and other items of personal prop-
        erty and bonds, claimed by defendant, evidence supported
        trial court's finding that such property was given to defendant
        at time of its delivery to her.

Appeal from St. Joseph; Jacobs (Theo T.), J. Submitted June 7, 1949. (Docket No. 7, Calendar No. 44,407.) Decided October 10, 1949.

Bill by Luther N. Ruch against First National Bank of Three Rivers, Michigan and Gladys R. Hansen to require payment of proceeds of joint savings account to him. Order entered allowing payment of money into court. Decree for defendant. Plaintiff appeals. Affirmed.

*C. L. Stickler,* for plaintiff.

*Franklin P. Bush* and *Raymond H. Dresser,* for defendant Hansen.

CARR, J. This case involves the ownership of moneys deposited in the First National Bank of Three Rivers, Michigan, in the sum of $3,396.25, and of certain articles of personal property described in the bill of complaint. Defendant Gladys R. Hansen is the daughter of plaintiff and his only child. Plaintiff's wife deceased in 1936. During the ensuing years, and until shortly before the present suit was started, the relations between plaintiff and defendant were cordial. Plaintiff lived with defendant and her husband for some time in the city of Chicago, apparently rendering some services to them, and was not charged for board or room. Loans were made by plaintiff evidenced by obligations payable

to himself and defendant.  It is a fair conclusion that during such period plaintiff intended that his daughter should eventually receive all of his property.  The funds in question here were deposited in a joint savings account in the bank referred to, in the names of plaintiff and defendant, with the ostensible right in either to make withdrawals.  Deposits were made from time to time by plaintiff, in part from payments received from others on obligations in terms payable to both parties.

Plaintiff's bill of complaint in the instant case, as originally filed, alleged the making of the deposit in question, his attempt to withdraw it from the bank, and the refusal on the part of the bank to permit such withdrawal.  The proofs indicate that plaintiff did not have the passbook in his possession, and the action of the bank was based on the failure to present it.  Subsequently, shortly before the present suit was instituted, plaintiff executed an indemnity bond to the bank reciting that the passbook was supposed to be lost or stolen.  Thereupon he was permitted to withdraw the money, which apparently was redeposited in his own name.  Defendant notified the bank verbally that she claimed the fund.

As a result of the situation thus created, plaintiff filed suit in November, 1947, asking that he be decreed to be the sole owner of the money on deposit and that the bank be required to pay it to him.  By subsequent amendment to the bill of complaint, plaintiff further asked that defendant be required to return to him a refrigerator and other articles of personal property alleged by him to be in her possession, and that she be required to account to him for moneys received by her from the sale at auction of certain personal property belonging to plaintiff. Defendant Hansen filed answer to the amended bill of complaint, asking that the court decree the payment of the funds in question to her, and that relief

be denied to plaintiff.  The bank also filed answer, admitting the amount of the fund on deposit, and asking that it be permitted to pay the same into court and be discharged.  Pursuant to such request an order was entered authorizing such payment and dismissing the bank as a defendant in the cause.

On the trial of the case defendant contended that the funds in the bank deposit had been given to her by plaintiff, and that with certain exceptions he had also given to her the various articles of personal property sought to be recovered under the amended bill of complaint.  Plaintiff denied making any of the gifts claimed by defendant.  After listening to the proofs of the parties the trial court determined the principal issues in favor of the defendant and entered a decree declaring her to be the owner of the money in question on deposit in the bank, and further finding that she was indebted to the plaintiff in the sum of $90.70 out of the proceeds of the auction sale before referred to, and that certain Haviland china dishes in her possession were the property of the plaintiff.  It does not appear that there was any dispute as to the items so found in plaintiff's favor.  From the decree entered, plaintiff has appealed.

On the trial defendant offered in evidence a promissory note in the sum of $4,000, bearing date November 5, 1917, and payable on or before 1 year after date to the order of Adelia Rockwell, defendant's grandmother, or of defendant.  The note purported to be signed by plaintiff and by Jennie G. Ruch, his wife.  Another note payable to Mrs. Rockwell in the sum of $800, dated December 8, 1923, and ostensibly signed by Mr. and Mrs. Ruch, was also offered. It was the claim of the defendant that these notes were executed for loans made to plaintiff by Mrs. Rockwell, and that defendant became the owner of all the property that Mrs. Rockwell owned at the

time of her death in 1931. Defendant further claimed that she talked with plaintiff concerning the payment of these notes, but that because of their mutual understanding that she eventually would receive all of plaintiff's property she did not insist upon payment. Defendant contended in her testimony that the deposit in the bank was made in the joint names of herself and her father in order to protect her. She further testified that in May, 1947, plaintiff gave her the passbook at her home in Chicago, stating at the time that it was hers. Defendant was corroborated by the testimony of her witness Gregory T. Piesarch. Plaintiff, testifying as a witness in his own behalf, denied the execution of the notes and asserted that his purported signatures thereon were forgeries. He denied specifically that he had ever borrowed any money from Mrs. Rockwell. The testimony of the handwriting expert corroborated defendant's testimony as to the genuineness of plaintiff's signatures. Based on the proofs before him, the trial court came to the conclusion that the notes were not forgeries as claimed by plaintiff.

The notes were first offered in evidence on the cross-examination of the plaintiff, but were not received in evidence at that time because of plaintiff's claim that he had not signed them. Following the introduction of defendant's proofs, the record indicates that the parties to the case, and the court, considered the exhibits as in evidence. On behalf of plaintiff it is claimed that the notes were not competent evidence because not pleaded in defendant Hansen's answer. Such claim appears to be based on the theory that they were in fact offered as evidence of a counterclaim asserted by defendant against plaintiff's alleged cause of action. Such was not the situation. As before noted, defendant claimed that plaintiff gave her the funds on deposit in the bank;

and the notes in question, with the testimony as to the circumstances under which they were executed, were offered for the purpose of showing the relations between the parties and in corroboration of defendant's claim as to the making of the alleged gift. In view of the purpose for which they were offered and received, it was unnecessary to refer to the notes in defendant's pleading in order to render them admissible.

In the course of her testimony defendant Hansen referred to conversations between herself and her grandmother, and also to statements made by her mother. Plaintiff insists that such statements should not have been received in evidence. Insofar as statements by Mrs. Rockwell, concerning which defendant testified, are concerned, the record indicates that but one objection was made by plaintiff, such objection being interposed to the question, "And she, at different times, and with the knowledge of your father, stated she wanted you to have whatever she left?" When asked by the court to state his reason or reasons for the objection, counsel for plaintiff called attention to the fact that Mrs. Rockwell was deceased, and indicated further that he considered that the statement made by her was a declaration in her own interest. It is unnecessary to discuss the sufficiency of the reason assigned. Assuming that the affirmative answer of the defendant to the question was open to objection, its receipt was at most harmless error. It was not material to any issue in the case, particularly so in view of plaintiff's prior testimony to the effect that Mrs. Hansen had received all the property that her grandmother had. Defendant testified in like manner without objection. Under the record it cannot be said that plaintiff was prejudiced by permitting defendant to answer the question to which the objection above referred to was interposed.

Statements by Mrs. Hansen as to conversations between herself and her mother were not objected to except in one instance, the conversation in question relating to a ring which plaintiff sought to recover from defendant. The court ruled that all testimony given by defendant as to conversations between herself and Mrs. Ruch in the absence of the plaintiff should be stricken. In view of such ruling it must be assumed that no consideration was given by the court to the stricken testimony, and in consequence plaintiff was not prejudiced. Plaintiff may not now complain that testimony to which he did not object was received. *Hoffman* v. *Pack, Woods & Co.*, 114 Mich 1; *Mettetal* v. *Hall*, 288 Mich 200, 207; *Kimmerle* v. *Farr*, 111 CCA 27 (189 F 295).

The principal question in the case is whether defendant's proofs were sufficient to establish that the funds in the bank deposit in question were given to her by plaintiff. As before noted, she testified that her father gave her the passbook in May, 1947, stating at the time that it was hers. She was corroborated by her witness who was, it is claimed, present at the conversation. In *Union Trust & Savings Bank* v. *Tyler*, 161 Mich 561, 564 (137 Am St Rep 523), it was said:

"That a valid gift of the money deposited in a savings bank may be effected by the delivery, to the donee, of the depositor's passbook, with intent to give the donee the deposit represented by it, is settled law. See 20 Cyc, p 1239, where the authorities from the various States are collected. *Reed* v. *Whipple*, 140 Mich 7; *State Bank of Croswell* v. *Johnson*, 151 Mich 538."

See, also, *State Savings Bank of Carleton* v. *Baker*, 257 Mich 666. *Rasey* v. *Currey's Estate*, 265 Mich 597, on which counsel for plaintiff relies, is distinguishable on the facts. It was there held that

the proofs did not support the claim of a gift *inter vivos* or a trust.

In the case at bar, plaintiff denied that he gave the passbook to defendant as claimed by her and her witness, and asserted that there was no conversation of the character claimed. This being an equity case this Court hears it *de novo* on the record. However, the trial court had the opportunity to observe the parties while testifying and throughout the course of the trial. Consideration must be given to such fact and we may not properly reverse unless, under the proofs, we would have reached an opposite conclusion. *Pence* v. *Wessels,* 320 Mich 195. The question at issue is one of fact, the determination of which must rest on the credibility of witnesses.

Plaintiff does not deny the existence of strong bonds of affection between himself and the defendant at the time of the alleged gift, nor that their cordial relations continued until a short time before the present case was started. His testimony on the trial discloses that he was married to his present wife on August 30, 1947. It is apparent that thereafter the congenial relationship between plaintiff and defendant that had previously existed for many years was altered. Plaintiff's testimony on the stand fully justifies such inference. However, whether the gift was made in May, 1947, must be determined from the evidence and in the light of the situation then existing.

It has been recognized by this Court in prior cases that a gift from a parent to a child is more easily proved than in instances where such a transaction is between persons not so related. In *Love* v. *Francis,* 63 Mich 181, 191 (6 Am St Rep 290), it was said:

"It requires less positive and unequivocal testimony to establish the delivery of a gift from a father to his children than it does between persons who are not related, and in cases where there is no sugges-

tion of fraud or undue influence very slight evidence will suffice."

The above statement was quoted with approval in *Union Trust & Savings Bank* v. *Tyler, supra.* In the case at bar the testimony of defendant and her witness as to the making of the gift was positive in character. There is no claim of undue influence nor does the record justify a finding that fraud was practiced on the plaintiff. At the time of the alleged gift it was apparently his wish and expectation that defendant should eventually receive all of his property. The prior business dealings involving the taking of mortgages and perhaps other obligations payable to both, as well as the establishment of a deposit in their joint names, are scarcely consistent with any other intention. We think the trial court was correct in his conclusion that defendant's proofs sufficiently established the claimed gift of the funds in the deposit.

What has been said above applies also with reference to the refrigerator and other articles that plaintiff sought to recover from defendant. Concededly he was entitled to the balance found by the trial court from the proceeds of the auction sale of certain personal property belonging to him. No claim was made that he had given defendant the dishes awarded to him by the decree of the trial court. He was also, as the trial court pointed out, entitled to a lantern claimed by him, but there was no showing that defendant had it in her possession, nor was there proof as to its disposition or value. Plaintiff claimed that 4 bonds, each in the sum of $100 face value, one payable in terms to plaintiff and defendant, and the others respectively payable to plaintiff and one of his granddaughters, should be returned to him. The testimony fully justifies the conclusion of the trial court that these bonds were

intended as gifts and were delivered accordingly. Other items in dispute are subject to similar considerations.

The decree of the trial court is affirmed, with costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.