## JOHN F. WERNER v. WRIGHT MILLER.

78 N. W. (2d) 63.

July 27, 1956—No. 36,788.

*Foley & Foley,* for appellant.
*Burkhardt & Dunlap,* for respondent.

MURPHY, JUSTICE.

Action for conversion of a promissory note brought by John F. Werner against the administrator of his mother's estate. Following an adverse decision by the court sitting without a jury, plaintiff's motion for amended findings of fact, conclusions of law, and order for judgment, or, in the alternative, for a new trial was denied. From the order denying this motion, plaintiff appeals.

John F. Werner, the plaintiff, was, at the time of his mother's death, her only living child. A resident of Tracy, Minnesota, plaintiff would visit his mother at her home in Plainview about four times a year in the years prior to her death. It was on one of these visits, Mother's Day 1953, that the transaction in question occurred. Martha Werner, then 81 years old and in good physical and mental health, handed her son an unendorsed negotiable note and some bonds, saying that he should take them as she was getting old and would no longer need them.[1] Plaintiff answered that he might die before his mother and she should keep them. Eventually he put the bonds and note in his pocket and took them home along with some of his mother's personal effects which she had given to his wife. About three weeks later plaintiff returned the bonds and note to his mother, saying she might get sick and the money might be needed to pay her expenses; also that it would be easier for the maker of the note to pay in Plainview than in Tracy.

The note remained in Martha Werner's possession until November 1953. In October of that year the maker made a payment on the

---

[1] The conversation as testified to by plaintiff and his wife, the only persons present at the time, are not quoted since there are minor variations between the two witnesses in the precise terminology attributed to Martha Werner. Though defendant seems to attach significance to this, the overall tenor of the conversation is clear. Rather than quote at length the various reports of the conversation, we merely paraphrase it.

interest and principal of the note to Martha Werner. She endorsed the payment on the note and disposed of the $500 so paid by depositing $100 in her personal account, taking $6.25 in cash, and purchasing a $393.75 Government Savings Bond in her name and the plaintiff's.

Martha Werner became ill shortly thereafter and was taken to a hospital in Rochester. At the hospital she told plaintiff where the note, bonds, and some other papers were located and told him to take them. He took the envelopes containing the note and papers to his home in Tracy. Plaintiff and his wife then remained with the mother almost constantly until her death on November 19, 1953.

After Martha Werner's interment the plaintiff aided his nephew in trying to locate the note in Plainview. He had forgotten that the note was in his possession at home. While conducting the search, he made no specific claim to the note. Later plaintiff found the note in Tracy where he had taken it. Apparently it was in an envelope with some bonds and plaintiff did not at the time know he had it. He later sent the bonds and note to defendant to be included in his mother's estate; he made no claim to the note in the accompanying letter.

■ The plaintiff assigns as error the court's finding that he was not the owner of the promissory note either at the time of the death of his mother or at any time thereafter and that he had no right to its possession. He contends that as a matter of law all of the legal elements of a gift were proved and that the uncontradicted evidence establishes an intention to make the gift, delivery, and acceptance by the donee in a transaction free from any taint of fraud or undue influence.[2]

It appears from the undisputed evidence that the mother gave the note and other property to her son; that he took possession of it and kept it at his home for several weeks after which he returned it to her. The circumstances under which he returned the note are

[2]In the absence of fraud and undue influence less proof is required to establish a gift from a parent to her child than would be the case if the principals were not so related. Jenning v. Rohde, 99 Minn. 335, 109 N. W. 597; Ruch v. First Nat. Bank, 326 Mich. 52, 39 N. W. (2d) 240.

not inconsistent with the completed gift. The return to the mother is explained by the fact that it would be more convenient for her to collect the interest because the debtor resided in her neighborhood and that she could use the proceeds for her own purpose in the event that need or illness arose. Once a valid gift is established, the subsequent return of the property to the donor for a purpose not inconsistent with continued ownership by the donee does not reinvest the donor with the title. Larkin v. McCabe, 211 Minn. 11, 299 N. W. 649; Will of Klehr, 147 Wis. 653, 133 N. W. 1105. Moreover, a few days before the mother's death she told him where he could find the note and other papers after which he again took possession of it.

The plaintiff argues that the evidence in support of the completed gift, which came principally from the testimony of the plaintiff's wife, is uncontradicted and unimpeached; not inconsistent with the facts and circumstances surrounding the transfer; and, as such, should not be disregarded by the trial court. Downing v. Maag, 215 Minn. 506, 10 N. W. (2d) 778.

But we are controlled by the rule set forth in Olsen v. Hoffmann, 175 Minn. 287, 221 N. W. 10, which holds that the trier of fact is not required to accept as true the positive, unimpeached testimony of credible witnesses where the same is contradictory or discredited by surrounding facts and circumstances. In that decision the court said (175 Minn. 290, 221 N. W. 11):

"* * * The testimony of a witness may be disregarded if it contains inherent improbabilities or contradictions which, alone or in connection with the other circumstances in evidence, furnish a reasonable ground for concluding that the testimony is not true."

The defendant here contends there are infirmities in the testimony presented by the plaintiff of a discrediting nature and points out the following facts: On the day following the funeral the plaintiff in company with his nephew conducted a futile search for the note at two law offices and two banks in Plainview without making a specific claim of ownership to the property and at the same time having possession of it at his home. It was not until seven months after

his mother's death that the plaintiff claimed title to the note even though during that time there had been conferences concerning the estate when it could be expected that he would do so. In the plaintiff's letter to the administrator of November 27, 1954, transmitting the note and other papers, no claim of ownership was asserted. In January of 1954, the plaintiff was aware of the fact that $700 had been paid on the note to the administrator which was used in payment of claims against the estate, and no claim was made by the plaintiff that that amount should be turned over to him. The defendant points out that the plaintiff signed Exhibit I, a form of receipt, by which he acknowledged receipt of certain money and "an undivided interest in the Stanley Klavetter mortgage."

The plaintiff explains the foregoing inconsistencies by saying that when he and his nephew were making the search for the note he had forgotten it was in his possession at home; that the transfer of the note to the administrator on November 27, 1954, was only for the purpose of assisting in completing inheritance tax reports; and with reference to the receipt, defendant's Exhibit I, he points out that he signed it at a conference relating to a compromise of conflicting claims and that he did not understand it, nor did he receive the property described in the receipt. Nevertheless, these circumstances were of sufficient import to constitute acts of an inconsistent or discrediting nature as a result of which the weight of the testimony in support of the completed gift was made a question of fact for the trial court. See, Wold v. Wold, 138 Minn. 409, 165 N. W. 229; Holter v. Laugen, 157 Minn. 90, 195 N. W. 639.

■ The trial court's findings are entitled to the same weight as the verdict of the jury, and on appeal the burden is on the appellant to show that there is no substantial evidence reasonably tending to support the trial court's findings. Williams v. Jayne, 210 Minn. 594, 299 N. W. 853; Gifford v. Vore, 245 Minn. 432, 72 N. W. (2d) 625. We have frequently stated that findings of fact should not be set aside unless clearly erroneous and due regard should be given the opportunity of the trial court to judge the credibility of witnesses. In re Estate of Palmer, 238 Minn. 549, 552, 57 N. W. (2d) 409, 411.

We cannot say that there is not evidence reasonably tending to support the trial court's findings that the gift was not actually completed.

The trial court might well have found the other way, but on a review of the record we conclude that the evidence reasonably supports the findings. The questions of intent, delivery, and acceptance are close but these are questions of fact and the trial court has upon a reasonable basis in the evidence determined them in the defendant's favor. Schmitt v. Schmitt, 94 Minn. 414, 103 N. W. 214.

■ The plaintiff contends that the trial court erred in admitting the probate court receipt (Exhibit I) of the distributive share of John F. Werner which specifically refers to the Klavetter mortgage which was security for the note in question. He argues that the receipt constitutes an unaccepted offer of settlement and, as such, was inadmissible. Esser v. Brophey, 212 Minn. 194, 3 N. W. (2d) 3. While it appears to us that the court properly admitted the document on the theory that it was an admission by plaintiff that title was not in him at the time of signing it, the point may be disposed of by observing that it does not appear that this particular piece of evidence was relied upon by the trial court or was determinative of the essential issue so as to constitute reversible error on the ground of reception of incompetent evidence. In re Estate of Palmer, 238 Minn. 549, 57 N. W. (2d) 409; Doering v. Buechler (8 Cir.) 146 F. (2d) 784, 786. Since there was enough evidence to sustain the findings in the absence of the probate court receipt, it cannot be inferred that the document was a material factor in the trial court's disposition of this case.

Affirmed.