STATE v. GEORGE MAXWELL.

81 N. W. (2d) 855.

March 22, 1957—No. 36,997.

*Mark J. McCabe,* for appellant.

*Charles A. Sawyer,* City Attorney, and *Milton Gershin,* Assistant City Attorney, for the State.

PER CURIAM.

The defendant was found guilty in municipal court of the city of Minneapolis of the offense of driving an automobile while under the influence of intoxicating liquor, contrary to a city ordinance,[1] on February 12, 1956. He has appealed from an order denying his motion in the alternative for amended findings of not guilty or for a new trial.

The defendant was arrested by two police officers who observed him driving at a speed of from 40 to 45 m. p. h. on Lake Street near Dean Boulevard in Minneapolis. No accident is involved here and there was nothing in the defendant's driving that attracted the attention of the officers except his excessive speed. The arresting officers testified that when the defendant's car was brought to a stop they noticed a strong odor of alcohol on his breath; after he got out of the car they noticed that his walk was unsteady, his face was flushed, and his speech slurred. The defendant admitted that he had five drinks and later said that he probably had more. Each officer testified that in his opinion the defendant was under the influence of intoxicating liquor.

The defendant testified that on the night in question he left home about 10:35 p. m. for Murray's Cafe where he had three drinks of bourbon, the last of which he had about 12:30 a. m.; at about 1 a. m. he left the cafe with four friends and drove to the home of a third party who resided in St. Louis Park. They arrived there at about 2 a. m. and stayed for about an hour during which time he admitted to having two more drinks. It was on his way home that he was arrested for speeding. The defendant insists that he was not under the influence of liquor when he was stopped by the officers. The testimony of the couple who had been with the defendant at Murray's

---

[1]"It is unlawful for any person who is a habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs to drive or operate any vehicles within this city." Minneapolis City Charter and Ordinances (Perm. ed.) 9:1–303.

Cafe and later at the home of their mutual friends in substance corroborated the testimony of the defendant that he only had five drinks, and in their opinion he was not under the influence of intoxicating liquor, at any time during the evening or night.

The prosecution here was for the violation of a municipal ordinance. At the outset we are controlled by the principle that in the prosecution for violation of a municipal ordinance, unlike a state statute, proof of guilt beyond a reasonable doubt need not be established. State v. Ketterer, 248 Minn. 173, 79 N. W. (2d) 136; State v. End, 232 Minn. 266, 45 N. W. (2d) 378. Proof of guilt by a fair preponderance of the evidence will support the verdict of conviction. State v. Wilson, 244 Minn. 382, 69 N. W. (2d) 905.

This case was tried to the court. The trial court's findings are entitled to the same weight as a verdict of the jury. They will not be set aside unless there is no substantial evidence reasonably tending to support them, and due regard should be given to the opportunity of the trial court to judge the credibility of the witnesses. Werner v. Miller, 248 Minn. 75, 78 N. W. (2d) 63; Gifford v. Vore, 245 Minn. 432, 72 N. W. (2d) 625; In re Estate of Palmer, 238 Minn. 549, 57 N. W. (2d) 409.

The defendant vigorously contends that the evidence is not sufficient to sustain a finding of guilt and asserts that since the verdict rests upon the testimony of the arresting officers it should not be permitted to stand. It might be observed that M. S. A. 169.12, subd. 2, provides that upon trial of any prosecution arising out of acts alleged to have been committed by any person arrested for driving while under the influence of intoxicating liquor the "court may admit evidence of the amount of alcohol in the person's blood taken voluntarily within two hours of the time of the arrest as shown by a medical or chemical analysis * * *." There is no evidence in the record that any test of the defendant's sobriety was suggested or considered. The statute provides that its provisions should not be construed as limiting the introduction "of any other competent evidence bearing upon the question whether or not such person was under the influence of intoxicating liquor." It is well established

that, as bearing upon the question of intoxication of a defendant, evidence as to his speech and conduct at or about the time of the alleged violation may be considered. State v. Reilly, 184 Minn. 266, 238 N. W. 492; State v. Traver, 198 Minn. 237, 269 N. W. 393.

Where it is practicable, a person accused of committing an offense while under the influence of liquor should be given an opportunity to submit to the test suggested by the statute so as to obviate the persistent complaint that conviction should not be had on the opinion testimony of enforcement officers. But here the trial judge heard the testimony of the officers for the prosecution, and under established principles of law it was for him to determine the weight and credit to which their testimony was entitled, with due regard to their claimed interest in a conviction. The record shows no indication of a lack of judicial restraint, and in the absence of manifest error, it is not for us to substitute our judgment for that of the trial court.

Affirmed.