**In re ESTATE of William F. STEMBLER, Deceased.**

**No. 2057–69.**

United States District Court
District of Columbia.

Jan. 13, 1970.

Julius Schlezinger, Washington, D. C., for petitioner.

James E. Artis, Richard D. Grow, Washington, D. C., for respondents.

## MEMORANDUM

MATTHEWS, District Judge.

William F. Stembler died on August 29, 1969 leaving a paper writing in the nature of a last will and testament dated October 17, 1961. The matter now before the Court is a petition by Nicholas Stembler, brother of the deceased, to strike the petition for issuance of Letters Testamentary filed by James C. Wilkes, Jr. and Charles L. Wilkes.

By the NINTH paragraph of his will, the testator nominated James C. Wilkes executor and trustee thereunder. In the TENTH paragraph thereof the testator provided:

"I hereby grant unto my aforesaid executor and trustee the sole power to appoint by his last will or other proper writing any person or persons, or any corporation, and his successor or successors, to serve jointly with, or as successor, as Fiduciary or Fiduciaries to settle up my estate, with the right to confer upon his or her successor or successors such powers and authority and to impose such limitations as he may deem advisable."

James C. Wilkes died November 30, 1968 prior to the death of the testator. Before Mr. Wilkes died he executed on the 23rd day of May 1967 a Deed of

Appointment wherein he designated his sons, James C. Wilkes, Jr., and Charles L. Wilkes as substitute co-executors and co-trustees, in the following language:

"That I, James C. Wilkes, a/k/a James C. Wilkes, Sr., pursuant to the provisions of any and all wills or other testamentary instruments or other legal instruments granting to me the power and authority to designate and appoint substitute and/or successor executors and/or trustees to serve as such in my place and stead, hereby designate and appoint my sons, James C. Wilkes, Jr., and Charles L. Wilkes, or the survivor, as substitute or successor co-executors and/or co-trustees as aforesaid in the event of my inability to undertake or continue to perform the duties of any such fiduciary position or positions by reason of my death or by reason of my incurring such disability as would prevent my adequately performing such duties, and I hereby grant and delegate to said appointees and the survivor of them all of the rights, powers and authority which I am by any such instrument empowered to delegate.

"I hereby expressly revoke any and all appointments of substitute and or successor executors and/or trustees heretofore made by me to the extent that this deed of appointment is in accord with the power and the authority granted to me to designate and appoint substitute and/or successor executors and/or trustees."

This deed of appointment was recorded among the Land Records of the District of Columbia on January 7, 1969 as Instrument No. 376.

In support of his motion to strike the petition of James C. Wilkes, Jr. and Charles L. Wilkes for Letters Testamentary, Nicholas Stembler, brother of the decedent, contends that the power granted Mr. Wilkes by the 10th paragraph of the will to name a successor did not become effective until the date of the testator's death on August 29, 1969 and consequently that the action of Mr. Wilkes on May 23, 1967 designating his sons as successor executors was premature and nugatory.

■■■ The question of whether an executor named in a will must survive the testator and qualify as executor to effectively exercise a power to name a substitute or successor executor has not in this narrow sense been decided to date by the courts of this jurisdiction. However, the doctrine of a nominated executor being empowered to name his successor has been recognized throughout the United States. 11 A.L.R.2d 1284 et seq.

A New York case involved a provision in a will reading as follows:

"I authorize and empower my Executor herein named at any time by an instrument in writing under his hand and seal and acknowledged or proved so as to entitle the same to be recorded as a deed of real property, to appoint a successor executor and/or trustee of any or all of the trusts created by this Will, and every executor and/or trustee thus appointed shall, by virtue of such appointment have and possess like right, powers and discretion and duties as if named as an executor and/or trustee in and by this Will."

It was held that the above provision created a power of nomination which could be exercised before the will was probated so that when the executor died on the same day that the will was probated his previously executed nomination of a successor was of full effect. In re Walsh's Will, 147 Misc. 281, 264 N.Y.S. 72 (1933).

The Minnesota Supreme Court in the case of In re Estate of Crosby, 218 Minn. 149, 15 N.W.2d 501 (1944) held that a power to nominate an executor to "succeed" the named executor could be exercised notwithstanding the executor named in the will failing ever to qualify

as such. The court stated at page 155 of its opinion, 15 N.W.2d at page 505:

"One of the accepted meanings of the word 'succeed' is 'to take the place of' (Webster's New International Dictionary, 1923), which is the expression used by testator in the first paragraph of Article Eighth. And, obviously, if the bank accepted the appointment, it would 'take the place of' Hunt, regardless of whether he had previously qualified or not.

\* \* \* \* \* \*

" \* \* \* it is clear that the testator here intended that, in case of the death, disability, or declination to act of his wife and Hunt, his estate should be administered by whatever qualified and suitable person or corporation Hunt should designate in writing, *at any time*, regardless of whether he ever formally qualified as executor or not." (Emphasis added.)

It cannot be controverted that a testator may delegate to another person the right to appoint his executor. As the Court stated in Bishop v. Bishop, 56 Conn. 208, 14 A. 808, 809 (1888):

"The executor is the creation solely of the testator; and it is within the power of the latter, not only to appoint personally, but he may project his power of appointment into the future, and exercise it after death through an agent selected by him; and the agent may be pointed out by name, or by his office or other method of certain identification."

In the instant case clearly it was the intention of the testator to give Mr. Wilkes the power to appoint his successor or successors as fiduciary or fiduciaries to settle the testator's estate. The Deed of Appointment executed by Mr. Wilkes effectively designated his sons James C. Wilkes, Jr. and Charles L. Wilkes as substitute executors pursuant to paragraph Tenth of the testator's will.

Accordingly, the petition of Nicholas Stembler, brother of the testator, to strike the petition for issuance of Letters Testamentary to James C. Wilkes, Jr. and Charles L. Wilkes will be denied.